UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOU CHRISTMAS THAO,<br><br>Petitioner,<br><br>v.<br><br>STUART SHERMAN, WARDEN,<br><br>Respondent. | No. 2:17-cv-2396 MCE AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court is respondent's motion to dismiss this action. See ECF No. 11. Petitioner has not filed a response. Therefore, the matter is fully briefed. For the reasons stated below, the undersigned will recommend that the motion be granted and that this matter be dismissed as untimely.

I.     RELEVANT FACTS

The petition states that on May 9, 2011, petitioner was convicted of assault with a firearm in violation of California Penal Code § 245(a)(2). See ECF No. 1 at 2. Gun and gang enhancements under California Penal Code §§ 12022.5(a) & (d) and 182.22(b)(1) were also found to be true. See generally id. On October 27, 2011, petitioner was sentenced to fifteen years in state prison. See id.

1

The petition presents a single claim: that petitioner's sentence is illegal because the gang enhancement was improperly applied. See ECF No. 1 at 3. Petitioner did not appeal his conviction and sentence in state court. See id. at 5.

The federal petition was docketed on November 14, 2017.[1] Respondent filed the instant motion to dismiss and lodged the relevant document—the abstract of judgment—on October 11, 2019. See ECF No. 13. Petitioner has not filed a response. The matter is now ready for review.

II.     DISCUSSION

A.     Respondent's Motion to Dismiss

Respondent argues that petition should be dismissed because (1) itis untimely; (2) it is unexhausted; (3) it fails to state a claim; (4) it has not been verified by petitioner; and (5) it was not filed on the proper form. See ECF No. 11 at 2-6. Because the first issue—timeliness—must be resolved in respondent's favor, the court addresses that issue only.

B.     Applicable Law:  28 U.S.C. § 2244(d)(1)-(2) – Statute of Limitations

Federal habeas statute 28 U.S.C. § 2244(d) clearly establishes a one-year statute of limitations to file a habeas petition in federal court after a state judgment becomes final. It states in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A), (d)(2).

---

[1] The court uses the docketing date as the point of reference because petitioner failed to sign and date the petition. See ECF No. 1 at 6. Given the ultimate finding below that the instant petition was filed well outside the one-year federal limitations period, the precise date that the petition was filed in this court is of little import.

C. <u>Analysis</u>

The court agrees with respondent that the instant petition is not timely. The one-year statute of limitations generally runs from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A) (brackets added). Petitioner's abstract of judgment confirms that petitioner was sentenced on October 27, 2011. <u>See</u> ECF No. 13-1. Pursuant to Rule 8.308(a) of the California Rules of Court, a conviction must be appealed within sixty days after the entry of judgment or making of the order. Since the judgment in petitioner's case was issued on October 27, 2011, his time to appeal expired on December 26, 2011. By petitioner's own admission, he did not file any appeals. <u>See</u> ECF No. 1 at 5-6. Therefore, the federal statute of limitations period began on December 27, 2011, and it expired one year later, on December 26, 2012. Absent significant tolling, the petition is untimely.

Petitioner filed the instant petition on November 14, 2017. <u>See</u> ECF No. 1 at 1. This is more than five years and ten months after the deadline. Petitioner has not presented an argument that he is entitled to tolling of any kind, nor has he responded to the instant motion to dismiss despite being provided additional time to do so. <u>See</u> ECF No. 15. Therefore, the undersigned finds that no tolling is applicable in this case, and the petition is untimely. For these reasons, it will be recommended that respondent's motion to dismiss be granted and that the action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be GRANTED;

2. This action be DISMISSED as untimely, and

3. The court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 1, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE